UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LONG, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 1414 SNLJ |
| | ) | |
| LOVE'S TRAVEL STOPS AND, | ) | |
| COUNTRY STORES, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM and ORDER

Plaintiff claims defendant Love's Travel Stops and Country Stores, Inc., acted with complete indifference and reckless disregard when a ceiling tile fell on plaintiff while he was inside defendant's store. Plaintiff claims he suffered a head injury, depression, past lost wages, future lost income, and future medical expenses. Defendant has moved to compel plaintiff to respond to certain discovery requests. (#17.)

Parties are entitled to obtain discovery regarding any matter, not privileged, which is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The evidence sought "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

**Interrogatories 14-15** pertain to medical billing. Interrogatory 14 seeks the "amount of the bill from each health care provider for services rendered because of the occurrence in question." Interrogatory 15 seeks the amounts still owed and the amounts

1

paid by plaintiff, by insurance, or written off on those bills.  Plaintiff argues that these requests are beyond the scope of the pleadings because plaintiff is making no claim for past medical expenses.  Plaintiff further argues that any information to be gathered from past medical bills may be gathered from medical records already provided.

Plaintiff's medical bills are sufficiently related to his future medical expenses and other claims.  The motion is granted as to Interrogatories 14 and 15.

**Request for Production 23** asks plaintiff to execute an authorization for medical records going back ten years from the occurrence.  Loves offered to remove the "body as a whole" language, leaving the portions addressing only plaintiff's head injury and psychological treatment.  As plaintiff admits, the proper scope of medical authorizations is that a defendant is not entitled to any and all medical records, but rather only those that relate to physical conditions at issue.  *See State ex rel. Fennewald v. Joyce*, 533 S.W.3d 220, 222-23 (Mo. *banc* 2017).  Defendant, after constraining its request to records regarding plaintiff's head injury and psychological treatment, has properly tailored its medical record request to the pleadings.  The plaintiff will be ordered to authorize the records request as limited by defendant for Request 23.

**Request for Production 21** seeks execution of an employment records authorization.  Plaintiff claims past and future lost wages.  Defendant thus maintains that plaintiff's applications, personnel records, performance reviews, wages, and earnings records are relevant to plaintiff's ability to work, plaintiff's income, and plaintiff's prospects for advancement.  The authorization is limited to five years before the occurrence.  Plaintiff suggests that the otherwise unlimited scope of the authorization is

impermissible, as it gives unfettered access to plaintiff's employment file. Plaintiff has not explained what in his employment file might be irrelevant to his claim that he is unable to work as a result of his injury. The motion will be granted as to Request 21.

**Request for Production 22** seeks execution of tax release authorizations for the four years before the occurrence because, defendant says, plaintiff's tax returns are relevant in light of his claims for past and future lost wages. Plaintiff's income from employment can easily be obtained through his W2s and 1099s, and defendant has provided no explanation for why plaintiff's full tax returns would be required. The motion will be denied as to Request 22.

**Request for Production 24** seeks authorization for release of Social Security application records because plaintiff has stated that he is in the process of applying for disability. Defendant points out that the records are relevant because they are likely to contain information bearing on the severity of plaintiff's injury and his prognosis, including his ability to work. The Court agrees. The motion will be granted as to Request 24.

**Request for Production 27** seeks a Medicare/Medicaid records authorization. Defendant explains that the authorization was left blank for plaintiff to fill in the injury and date of injury and that the information is relevant to any potential settlement between the parties. Defendant states that, if no lien exists, then the authorization will yield no records. The motion will be granted as to Request 27.

**Request for Production 25** seeks authorization for release of educational records. Defendant states these records are relevant to plaintiff's claims for diminished past and

future income, and defendant has limited the scope of the request to high school and post-high school education.  Plaintiff calls this request a "fishing expedition that will allow defendant to secure records on anything from unrelated injuries to counseling records from grade school."  Although it is a close call, the Court agrees that plaintiff's claim of a head injury puts his pre-occurrence mental functioning at issue, and defendant is entitled to investigate that aspect of plaintiff's claim.  The motion will be granted as to Request 25.

**Request for Production 26** seeks execution of a worker's compensation authorization because defendant believes plaintiff was at work when the occurrence took place.  Defendant limited the authorization to ten years preceding the occurrence and has removed the reference to sexually transmitted diseases.  The motion will be granted as to Request 26.

**Requests for Production 17 and 31** seek documents evidencing conduct of defendant or its agents and all documents that refer to or mention the occurrence.  Plaintiff objects because it would encompass attorney work product.  Defendant has excluded from its request any materials counsel believes to be work-product or otherwise privileged.  To the extent plaintiff argues the request is vague and ambiguous, defendant responds that they seek documents pertaining to defendant's actions or inactions in maintaining the ceiling or that otherwise refer to the incident on which plaintiff's claim is based.  This is a limited and identifiable class of document and is likely quite small.  The motion will be granted as to Requests 17 and 31.

**Request for Production 28** seek documents pertaining to any insurance company which may be liable for or which has paid for any damages set forth in plaintiff's petition. Plaintiff's objection appears based on his argument that his making no claim for past medical expenses. Because the Court will grant the motion to compel with respect to plaintiff's medical bills, the Court will also grant the motion with respect to Request 28.

Accordingly,

IT IS HEREBY ORDERED that the defendants' motion to compel (#17) is DENIED in part and GRANTED in part as stated herein.

IT IS FURTHER ORDERED that plaintiff's motion to compel (#13) is DENIED as moot, as it has been resolved by the parties.

SO ORDERED this  25th  day of March, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE